IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT COOPER, AMALIZZ MATHEWS, WHITNEY S. DOWDELL, LAKIESHA GOODINE and KIRA SYKES, | : : : : : : | Civil Action File No. |
| | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| PARKER PROMOTIONS, INC. d/b/a CLUB FETISH and NICHOLAS PARKER, | : : : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiffs Robert Cooper ("Mr. Cooper"), Amalizz Mathews ("Ms. Mathews"), Whitney S. Dowdell ("Ms. Dowdell"), Lakiesha Goodine ("Ms. Goodine"), and Kira Sykes ("Ms. Sykes") (collectively "Plaintiffs") bring this Complaint against Defendants Parker Promotions, Inc. d/b/a Club Fetish ("Parker Promotions") and Nicholas Parker ("Parker") (collectively "Defendants") and show the Court as follows:

## A.     Introduction

### 1.

This is a wage and hour case for unpaid minimum wages and overtime compensation.

### 2.

Plaintiffs Ms. Mathews, Ms. Dowdell, Ms. Goodine and Ms. Sykes contend that Defendants misclassified them as independent contractors; paid them on a tips-only basis; and forced them to pay them kickbacks while participating in an illegal tip pool. Defendants further failed to pay all Plaintiffs an overtime premium all in violation of the FLSA minimum wage and maximum hours provisions, 29 U.S.C. §§ 206 and 207.

## B.     Jurisdiction and Venue

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 4.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Parker Promotions is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## C.    The Parties

5.

Mr. Cooper is a natural person whom resides in Muscogee County, Georgia.

6.

Ms. Mathews is a natural person whom resides in Muscogee County, Georgia.

7.

Ms. Dowdell is a natural person whom resides in Muscogee County, Georgia.

8.

Ms. Goodine is a natural person whom resides in Muscogee County, Georgia.

9.

Ms. Sykes is a natural person whom resides in Muscogee County, Georgia.

10.

Parker Promotions is a domestic for profit corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Parker Promotions has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

Parker Promotions is subject to the personal jurisdiction of this Court.

13.

Parker Promotions may be served with process through its registered agent Nicholas Parker at his residence located at 3444 Miles Street, Columbus, Georgia 31909 or wherever he may be located.

14.

Parker is a resident of Muscogee County, Georgia.

15.

Parker is subject to the personal jurisdiction of this Court.

16.

Parker is the CEO, CFO, Secretary, and Registered Agent of Parker Promotions.

17.

Parker can be served with process at his residence located at 3444 Miles Street, Columbus, Georgia 31909 or wherever he may be located.

**D.    Individual Coverage:**

18.

During the three years prior to the filing of this action (hereinafter "the Relevant Time Period"), Plaintiffs were "engaged in commerce" as employees of Parker Promotions as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**E. Enterprise Coverage:**

19.

From on or about April 2014 through the date of filing of the within action ("the Relevant Time Period"), Parker Promotions was an "enterprise engaged in commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

During 2014, Parker Promotions had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2015, Parker Promotions had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2016, Parker Promotions had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2017, Parker Promotions had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During the Relevant Time Period, two or more employees of Parker Promotions, including Plaintiffs, used or handled the following items that moved in

interstate commerce that are necessary for performing its commercial purpose: liquor, spirits, computers, beer, and glassware.

## 25.

During 2014, Parker Promotions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

## 26.

During 2015, Parker Promotions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

## 27.

During 2016, Parker Promotions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

## 28.

During 2017, Parker Promotions had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2014, Parker Promotions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2015, Parker Promotions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2016, Parker Promotions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2017, Parker Promotions had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, Parker Promotions has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**F.    Statutory Employer:**

34.

At all times material hereto, Parker was involved in the day to day operation of Club Fetish ("the Club").

35.

At all times material hereto, Parker Promotions vested Parker with supervisory authority over Plaintiffs.

36.

At all times material hereto, Parker exercised operational control over Plaintiffs' work activities.

37.

At all times material hereto, Parker exercised supervisory authority over Plaintiffs.

38.

At all times material hereto, Parker scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

39.

At all times material hereto, Parker exercised authority and supervision over Plaintiffs' compensation.

40.

At all times material hereto, Parker was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

41.

At all times material hereto, Plaintiffs were "employees" of Parker as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## G.    Additional Factual Allegations:

42.

During the three years prior to the filing of this action, Defendants owned and operated a nightclub under the trade name Club Fetish.

43.

At all times during the Relevant Time Period, the Club provided entertainment in the form of topless female dancers.

44.

At all times during the Relevant Time Period, Parker was the sole owner of the Club.

45.

Defendants employed Mr. Cooper as a security guard from approximately January 2013 through the date of filing the within action.

46.

Mr. Cooper regularly worked for Defendants on Monday, Tuesday and Wednesday from 7:00 p.m. until 3:00 a.m. and on Thursday, Friday and Saturday from 7:00 p.m. until 6:30 a.m.

47.

During the Relevant Time Period, Defendants compensated Mr. Cooper at a rate of $100 per day.

48.

Defendants employed Ms. Mathews as a dancer from approximately November 1, 2012 through February 1, 2016.

49.

During the Relevant Time Period, Ms. Mathews regularly worked for Defendants on Monday through Saturday from 9:00 p.m. until 3:00 a.m.

50.

During the Relevant Time Period, Defendants failed to pay Ms. Mathews any wages or compensation whatsoever.

51.

At all times during the Relevant Time Period, Ms. Mathews' sole form of remuneration was the receipt of tips from Defendants' customers.

52.

At all times material hereto, in conjunction with each shift Ms. Mathews worked, Defendants required her to pay a portion of her tips as "fees" to the Club and its owners, agents, and employees.

53.

At all times material hereto, in conjunction with each shift Ms. Mathew worked, Defendants required her to pay "fees" to security personnel, DJs, house moms, and other managers employed by the Club.

54.

At all times during the Relevant Time Period, Ms. Mathew paid a $30.00 "house fee", a $15.00 security fee, a $10.00 DJ fee and a $5.00 house mom fee during each shift she worked.

55.

At all times during the Relevant Time Period, Ms. Mathew paid approximately $60.00 in such fees per shift.

56.

Defendants employed Ms. Dowdell as a dancer from approximately May 23, 2016 through February 15, 2017.

57.

During the Relevant Time Period, Ms. Dowdell regularly worked for Defendants on Monday through Saturday from 9:00 p.m. until 3:00 a.m.

58.

During the Relevant Time Period, Defendants failed to pay Ms. Dowdell any wages or compensation whatsoever.

59.

At all times during the Relevant Time Period, Ms. Dowdell's sole form of remuneration was the receipt of tips from Defendants' customers.

60.

At all times material hereto, in conjunction with each shift Ms. Dowdell worked, Defendants required her to pay a portion of her tips as "fees" to the Club and its owners, agents, and employees.

61.

At all times material hereto, in conjunction with each shift Ms. Dowdell worked, Defendants required her to pay "fees" to security personnel, DJs, house moms, and other managers employed by the Club.

62.

At all times during the Relevant Time Period, Ms. Dowdell paid a $30.00 "house fee", a $6.00 security fee, a $10.00 DJ fee, and a $5.00 house mom fee during each shift she worked.

63.

At all times during the Relevant Time Period, Ms. Dowdell paid approximately $51.00 in such fees per shift.

64.

Defendants employed Ms. Goodine as a dancer from approximately May 2016 through September 2016.

65.

During the Relevant Time Period, Goodine regularly worked for Defendants five (5) days each week from 9:00 p.m. until 3:00 a.m.

66.

During the Relevant Time Period, Defendants failed to pay Ms. Goodine any wages or compensation whatsoever.

67.

At all times during the Relevant Time Period, Ms. Goodine's sole form of remuneration was the receipt of tips from Defendants' customers.

68.

At all times material hereto, in conjunction with each shift Ms. Goodine worked, Defendants required her to pay a portion of her tips as "fees" to the Club and its owners, agents, and employees.

69.

At all times material hereto, in conjunction with each shift Ms. Goodine worked, Defendants required her to pay "fees" to security personnel, DJs, house moms, and other mangers employed by the Club.

70.

At all times during the Relevant Time Period, Ms. Goodine paid a $30.00 "house fee", a $2.00 security fee to each security guard, a $10.00 DJ fee and a $5.00 house mom fee during each shift she worked.

71.

At all times during the Relevant Time Period, Ms. Goodine paid at least $47.00 in such fees per shift.

72.

Defendants employed Ms. Sykes as a dancer from approximately January 5, 2016 through the date of filing of this Complaint.

73.

During the Relevant Time Period, Ms. Sykes regularly worked for Defendants Monday through Saturday from 9:00 p.m. until 3:00 a.m.

74.

During the Relevant Time Period, Defendants failed to pay Ms. Sykes any wages or compensation whatsoever.

75.

At all times during the Relevant Time Period, Ms. Sykes' sole form of remuneration was the receipt of tips from Defendants' customers.

76.

At all times material hereto, in conjunction with each shift Ms. Sykes, Defendants required her to pay a portion of her tips as "fees" to the Club and its owners, agents, and employees.

77.

At all times material hereto, in conjunction with each shift Ms. Sykes worked, Defendants required her to pay "fees" to security personnel, DJs, house moms, and other managers employed by the Club.

78.

At all times during the Relevant Time Period, Ms. Sykes paid a $30.00 "house fee", a $15.00 security fee, a $10.00 DJ fee and a $5.00 house mom fee during each shift she worked.

79.

At all times during the Relevant Time Period, Ms. Sykes paid at least $60.00 in such fees per shift.

80.

At all times during the Relevant Time Period, the Club directly and indirectly controlled its dancers' work schedules.

81.

At all times during the Relevant Time Period, the Club's managers exercised the authority to require dancers to change their attire.

82.

At all times during the Relevant Time Period, the Club's managers exercised the authority to require dancers to change their hairstyle.

83.

At all times during the Relevant Time Period, the Club's managers exercised the authority to require dancers to change their makeup.

84.

At all times during the Relevant Time Period, the Club's managers exercised the authority to impose discipline upon its dancers, including warnings, suspensions, and terminations.

85.

At all times during the Relevant Time Period, the Club's managers supervised dancers on a day-to-day basis.

86.

At all times during the Relevant Time Period, the Club paid all costs associated with advertising, marketing, and promoting the Club.

87.

At all times during the Relevant Time Period, the Club employed a disc jockey ("the DJ") who operated the club's music and made announcements to customers and dancers.

88.

At all times during the Relevant Time Period, the DJ on duty determined the order and rotation by which dancers would be scheduled to perform.

89.

At all times during the Relevant Time Period, the Club had a dressing room for its dancers.

90.

At all times during the Relevant Time Period, the Club posted notices and work rules for its dancers in the dressing room.

91.

At all times during the Relevant Time Period, the Club's managers ensured that dancers complied with its rules and policies.

92.

At all times during the Relevant Time Period, the Club did not require its dancers have prior experience or training prior to hire.

93.

At all times during the Relevant Time Period, the Club advertised its business.

94.

At all times during the Relevant Time Period, such advertisements included photographs of scantily clad women.

95.

At all times during the Relevant Time Period, the presentation of topless female dancing was integral to the Club's business success.

96.

At all times during the Relevant Time Period, as a matter of economic reality Ms. Mathews, Ms. Dowdell, Ms. Goodine, and Ms. Sykes were "employees" as that term is used in the FLSA, rather than independent contractors.

97.

At all times during the Relevant Time Period, Defendants misclassified Ms. Mathews, Ms. Dowdell, Ms. Goodine and Ms. Sykes as independent contractors.

98.

At all times during the Relevant Time Period, Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

99.

At all times during the Relevant Time Period, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

100.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

101.

At all times material hereto, Parker Promotions did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

102.

At all times material hereto, Parker Promotions did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

103.

At all times material hereto, Parker Promotions did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

104.

At all times material hereto, Parker Promotions did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

105.

At all times material hereto, Plaintiffs were not exempt as creative professionals.

## H. Count I — Failure to Pay Minimum Wage as to Plaintiff Ms. Mathews

106.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

107.

At all times material hereto, Ms. Mathews has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

108.

From on or about April 2014 through February 1, 2016, Defendants failed to compensate Ms. Mathews at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

109.

From on or about April 2014 through February 1, 2016, Defendants willfully failed to compensate Ms. Mathews at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

110.

Ms. Mathews is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

111.

As a result of the underpayment of minimum wages as alleged above, Ms. Mathews is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Mathews for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

# I.    Count II — Failure to Pay Minimum Wage as to Plaintiff Ms. Dowdell

### 113.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

### 114.

At all times material hereto, Ms. Dowdell has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 115.

From on or about May 23, 2016 through February 15, 2017,  Defendants failed to compensate Ms. Dowdell at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 116.

From on or about May 23, 2016 through February 15, 2017, Defendants willfully failed to compensate Ms. Dowdell at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 117.

Ms. Dowdell is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

118.

As a result of the underpayment of minimum wages as alleged above, Ms. Dowdell is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

119.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Dowdell for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### J.  Count III — Failure to Pay Minimum Wage as to Plaintiff Ms. Goodine

120.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

121.

At all times material hereto, Ms. Goodine has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

122.

From on or about May 2016 through the date of filing of this Complaint, Defendants failed to compensate Ms. Goodine at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

123.

From on or about May 2016 through the date of filing of this Complaint, Defendants willfully failed to compensate Ms. Goodine at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

124.

Ms. Goodine is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

125.

As a result of the underpayment of minimum wages as alleged above, Ms. Goodine is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

126.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Goodine for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**K.      Count IV — Failure to Pay Minimum Wage as to Plaintiff Ms. Sykes**

127.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

128.

At all times material hereto, Ms. Sykes has been an employee covered by the
FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29
U.S.C. § 206(a).

129.

From on or about January 5, 2015 through the date of filing of this Complaint,
Defendants failed to compensate Ms. Sykes at an hourly rate above or equal to the
minimum wage as established in accordance with the FLSA.

130.

From on or about January 5, 2015 through the date of filing of this Complaint,
Defendants willfully failed to compensate Ms. Sykes at an hourly rate above or
equal to the minimum wage as established in accordance with the FLSA.

131.

Ms. Sykes is entitled to payment of minimum wages in an amount to be
determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

132.

As a result of the underpayment of minimum wages as alleged above, Ms.
Sykes is entitled to liquidated damages in accordance with FLSA § 16(b), 29
U.S.C. § 216(b).

133.

As a result of the underpayment of minimum wages, Defendants are liable to Ms. Sykes for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### L.    Count V — Failure to Pay Overtime as to Plaintiff Mr. Cooper

134.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

135.

At all times material hereto, Mr. Cooper has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

136.

During his employment with Defendants, Mr. Cooper regularly worked in excess of forty (40) hours each week.

137.

Defendants failed to pay Mr. Cooper at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2014 through the date of filing of this Complaint.

138.

Defendants willfully failed to pay Mr. Cooper at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2014 through the date of filing of this Complaint.

139.

Mr. Cooper is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

140.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cooper is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

141.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cooper is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## M.    Count VI — Failure to Pay Overtime as to Plaintiff Ms. Mathews

142.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

143.

At all times material hereto, Ms. Mathews has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

144.

During her employment with Defendants, Ms. Mathews regularly worked in excess of forty (40) hours each week.

145.

Defendants failed to pay Ms. Mathews at one and one half times her regular rate for work in excess of forty (40) hours in any week from April 2014 through February 1, 2016.

146.

Defendants willfully failed to pay Ms. Mathews at one and one half times her regular rate for work in excess of forty (40) hours in any week from April 2014 through February 1, 2016.

147.

Ms. Mathews is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

148.

Ms. Mathews is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 149.

As a result of the underpayment of overtime compensation as alleged above, Ms. Mathews is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### N.    Count VII - Failure to Pay Overtime as to Plaintiff Ms. Dowdell

## 150.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

## 151.

At all times material hereto, Ms. Dowdell has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

## 152.

During her employment with Defendants, Ms. Dowdell regularly worked in excess of forty (40) hours each week.

## 153.

Defendants failed to pay Ms. Dowdell at one and one half times her regular rate for work in excess of forty (40) hours in any week from May 23, 2016 through February 15, 2017.

154.

Defendants willfully failed to pay Ms. Dowdell at one and one half times her regular rate for work in excess of forty (40) hours in any week from May 23, 2016 through February 15, 2017.

155.

Ms. Dowdell is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

156.

As a result of the underpayment of overtime compensation as alleged above, Ms. Dowdell is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

157.

As a result of the underpayment of overtime compensation as alleged above, Ms. Dowdell is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### O.    Count VIII - Failure to Pay Overtime as to Plaintiff Ms. Goodine

158.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

159.

At all times material hereto, Ms. Goodine has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

160.

During his employment with Defendants, Ms. Goodine regularly worked in excess of forty (40) hours each week.

161.

Defendants failed to pay Ms. Goodine at one and one half times her regular rate for work in excess of forty (40) hours in any week from May 2016 through September 2016.

162.

Defendants willfully failed to pay Ms. Goodine at one and one half times her regular rate for work in excess of forty (40) hours in any week from May 2016 through September 2016.

163.

Ms. Goodine is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 164.

As a result of the underpayment of overtime compensation as alleged above, Ms. Goodine is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 165.

As a result of the underpayment of overtime compensation as alleged above, Ms. Goodine is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**P.      Count IX - Failure to Pay Overtime as to Plaintiff Ms. Sykes**

## 166.

The allegations in paragraphs 1 through 105 are incorporated by reference as if fully set out in this paragraph.

## 167.

At all times material hereto, Ms. Sykes has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

## 168.

During her employment with Defendants, Ms. Sykes regularly worked in excess of forty (40) hours each week.

169.

Defendants failed to pay Ms. Sykes at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 5, 2015 through the date of filing of this Complaint.

170.

Defendants willfully failed to pay Ms. Sykes at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 5, 2015 through the date of filing of this Complaint.

171.

Ms. Sykes is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

172.

As a result of the underpayment of overtime compensation as alleged above, Ms. Sykes is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

173.

As a result of the underpayment of overtime compensation as alleged above, Ms. Sykes is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully prays:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs Ms. Mathews, Ms. Dowdell, Ms. Goodine, and Ms. Sykes be awarded amounts to be determined at trial against Defendants in unpaid minimum wages due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
michaelcaldwell@dcbflegal.com

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775

COUNSEL FOR PLAINTIFFS