IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT COOPER, *et al.*, | * |
| | * |
| Plaintiff, | *   Case No.: 4:17-cv-116 (CDL) |
| | * |
| v. | * |
| | * |
| PARKER PROMOTIONS, INC., *et al.*, | * |
| | * |
| Defendants. | * |

**DECLARATION OF DAVID R. HELMICK**

COMES NOW the undersigned affiant and, in accordance with 28 U.S.C. § 1746, hereby declares as follows:

1.

My name is David R. Helmick and I am over the age of eighteen (18) and make this Affidavit based upon my personal knowledge of the matters contained herein. I am competent to testify about the matters contained in this Affidavit. I understand that this Declaration is for use in connection with the above-styled civil action, and I give it freely for that purpose.

2.

I am an attorney for the Defendants in this matter, Parker Promotions, Inc. and Nicholas Parker.

3.

I reached out to Plaintiffs' counsel on six different occasions from March 15 to April 2, 2018 to discuss a joint protective order: by email March 15, March 16, and March 20, phone call to Plaintiffs' paralegal on March 21, email correspondence with Plaintiffs' attorney Michael A. Caldwell on March 21, and again by email on April 2. I received a Wednesday, March 21 email

from Mr. Caldwell that Plaintiffs' counsel was "revising the Confidentiality Agreement and will forward it to you presently." I replied to Mr. Caldwell that same day that I would be unavailable the following week and, as a result, was trying to complete the matter beforehand. Defendants filed for the protective order the evening of April 2 after reaching out to Mr. Caldwell a final time by email then receiving no response.

4.

I discussed the protective order and the sensitive documents warranting imposition of a protective order on April 10, 2018, in person at my office with Charles R. Bridgers, a member of Plaintiffs' legal team. In that conversation, I discussed the categories of sensitive business documents appropriate for a protective order in the matter, which included tax returns and "nightly sheets" reflecting company income and voluminous payments made to third party individuals and entities not otherwise involved in this matter.

5.

I have read this Declaration, and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 23rd day of April, 2018.

_____
David R. Helmick