IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT COOPER, *et al.*, | * | |
| | * | |
| Plaintiff, | * | Case No.: 4:17-cv-116 (CDL) |
| | * | |
| v. | * | |
| | * | |
| PARKER PROMOTIONS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

## **CONSENT PROTECTIVE ORDER**

1. This cause comes before the Court pursuant to the agreement of the Plaintiffs Robert Cooper, Amalizz Matthews, Whitney S. Dowdell, Lakiesha Goodine and Kira Sykes ("Plaintiffs"), and Defendants Parker Promotions, Inc. and Nicholas Parker ("Defendants").

2. This Order shall govern the use, handling and disclosure of all documents and responses to interrogatories exchanged in this action that are designated to be subject to this Order in accordance with the terms hereof.

3. Personnel files and any other documents maintained by Defendant Parker Promotions, Inc. concerning individual employees and Defendants' confidential business matters, including Defendant Parker Promotions' personnel information, and proprietary, classified and/or trade secret or confidential information, may be designated as "Confidential." Further, all non-public business, medical, financial, and other personal information and records of

Plaintiffs may be designated as "Confidential." "Confidential" information shall not include the name of any person disclosed by the Parties.

4. Any party producing, providing, or filing documents, responses to interrogatories, or other materials in this action may designate such documents, responses to interrogatories or other materials and the contents therein "Confidential," subject to this Order, by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is desired, "Confidential." If Confidential information is provided in response to written discovery, such Confidential information shall be disclosed in an attachment marked "Confidential" so as to avoid designating the entire response as confidential. With respect to deposition testimony, a party may designate portions of deposition testimony as "Confidential" during a deposition by asking the court reporter to mark such testimony or within thirty days of receipt of the transcript. All such documents or materials designated "Confidential" shall be treated as "Confidential" pursuant to this Order unless the Court shall, on motion and for good cause shown, decide otherwise or except as otherwise provided herein. It is agreed that at the trial of this case any documents so designated and submitted to the trier of fact shall not bear the stamped designation "Confidential."

5. Either party may challenge the confidentiality designation of any documents, responses to interrogatories, portions of depositions, or other material under this protective order no later than the close of discovery or within ten (10) days of receipt of the document, whichever last occurs.

6. Except as provided herein, all material designated "Confidential" pursuant to this

Order shall not be used directly or indirectly by any person for any reason or purpose whatsoever other than for the prosecution of the parties' claims and defenses in these actions. Upon receiving any documents, responses to interrogatories or other materials designated "Confidential" pursuant to this Order or receiving deposition testimony designated as "Confidential" pursuant to this Order, counsel for the parties hereby agree not to disclose in any manner whatsoever such documents, responses to interrogatories (including copies thereof) or other materials, or the subject, existence or contents of said documents, to any person not acting and participating as an attorney of record (or staff of such attorney assisting the attorney in this action) in these actions, subject only to the exceptions outlined in the following paragraph. In addition, all persons to whom "Confidential" documents, responses to interrogatories, and/or other materials are disclosed, are hereby enjoined from disclosing such documents, responses to interrogatories, and/or materials to any person except as provided in this Order.

      7.    The following exceptions to the restrictions set forth above shall be recognized, agreed to, and followed:

      (a)    "Confidential" material under this Order may be disclosed to the parties in the course of their participation in the present litigation. The parties agree that they will at all times abide by the terms of this Order and maintain the confidentiality of such materials and will not disclose in any manner whatsoever either the documents themselves, copies thereof or the contents of any "Confidential" material to anyone other than his, her or its counsel or a member of that counsel's staff.

      (b)    The parties' counsel may disclose "Confidential" material to any person

working with counsel in the prosecution or defense of this action. Such disclosures will occur only on the condition that any such person understands fully the confidentiality of the information and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions.

      (c)    Counsel may disclose material designated as "Confidential" to any witness or prospective witness during discovery or in preparation for trial, or at trial, as needed to prepare such witness or prospective witness for such trial or pre-trial testimony. Disclosure of "Confidential" material may also be made to the extent necessary to examine or cross-examine witnesses during pre-trial depositions or to the extent needed to support or oppose any motion to the Court, or with respect to any appeal.

      (d)    Counsel may disclose "Confidential" material to any expert or to any person who will or may provide expert testimony and/or who may submit an expert affidavit or declaration at any stage of these proceedings, including discovery, trial, and any appeal, provided that such expert agrees to be bound by the terms of this Order, as set forth in subsection (e) below, and provided that Plaintiffs shall make no disclosures to competitors of the corporate defendant.

      (e)    Any person to whom disclosure is made pursuant to the above subsections shall be given a copy of this Order, and shall acknowledge that he or she is fully subject and bound by the terms of this Order. Disclosures will occur only on the condition that any such person understands fully the confidentiality of the material and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions.

(f) The Parties may utilize names, demographic and wage information obtained in discovery in any public filing without the necessity of filing under seal.

8. No designated person, witness, or counsel shall make any permanent copies of "Confidential" materials for any use in their business or personal affairs or any other litigation or case. No "Confidential" material shall be used for any purpose, other than the preparation and conduct of the trial in the above-captioned lawsuit.

9. Nothing herein shall proscribe a party, upon due notice and motion to the Court from seeking to challenge the designation of a document or information as "Confidential."

10. Nothing herein shall be construed as a waiver of any attorney-client privilege or work product protection claimed or asserted by a party with respect to any document covered by this Protective Order, which documents will not be produced without an approved Court Order.

11. Nothing in this Order shall be construed as an admission by the parties that the trial in this matter should be closed to the public, nor shall anything in this paragraph or any part of this Order be used by any party in support of any assertion that the trial in these matters should be closed to the public.

12. It is expressly understood and agreed that any party designating his, her or its own materials as "Confidential" pursuant to the terms of this Order shall not be restricted in any manner with respect to the use and/or disclosure of his, her or its own materials and/or documents.

13. If a party through inadvertence produces any Confidential information or documents without labeling or marking or otherwise designating such in accordance with the

provisions of this Order, the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed Confidential and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such documents and things with the designated level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things to the Producing Party.

14. Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

15. Within thirty (30) days after the final termination of this action, counsel for the parties shall make available for return to counsel for opposing party all documents and other materials deemed "Confidential" under the terms of this Order, including all copies of such materials except as counsel deems necessary to comply with counsel's professional responsibilities to maintain a client's file. Any information retained shall remain Confidential as Provided for herein. Such material will be disposed of in such a way to preserve its confidentiality.

SO ORDERED, this 2nd day of May, 2018.

    S/ Clay D. Land
    The Honorable Clay D. Land
    Chief District Court Judge, Middle District of Georgia

AGREED TO BY:

| | |
|---|---|
| s/ David R. Helmick | s/ Matthew W. Herrington |
| David R. Helmick | Michael A. Caldwell |
| Georgia Bar No. 344210 | Georgia Bar No. 080791 |
| dhelmick@waldrepmullin.com | Michaelcaldwell@dcbflegal.com |
| C. Morris Mullin | Charles R. Bridgers |
| Georgia Bar No. 528550 | Georgia Bar No. 080791 |
| cmm@waldrepmullin.com | charlesbridgers@dcbflegal.com |
| Waldrep, Mullin & Callahan, LLC | Matthew W. Herrington |
| 111 12th Street, Suite 300 | Georgia Bar No. 275411 |
| Columbus, Georgia 31901 | Delong, Caldwell, Bridgers & Fitzpatrick, LLC |
| Telephone: 706-320-0600 | 3100 Centennial Tower |
| Facsimile: 706-320-0600 | 101 Marietta Street |
| Attorneys for Defendants | Atlanta, GA 30303 |
| | Telephone:   (404) 979-3171 |
| | Facsimile:   (404) 979-3170 |
| | Attorneys for Plaintiffs |