IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT F. COOPER, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 4:17-CV-116 (CDL) |
| PARKER PROMOTIONS, INC. and NICHOLAS PARKER, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

Plaintiffs worked at an establishment called Club Fetish. Club Fetish is owned by Defendant Parker Promotions, Inc., which is owned by Defendant Nicholas Parker. Plaintiffs assert that they were employees of Defendants, and they seek to recover unpaid overtime from Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

To prove their FLSA claims, Plaintiffs must establish, among other things, that they were "employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). Plaintiffs may establish this element of their claim by proving that they were employed in an enterprise "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii). Plaintiffs seek discovery on this topic from Master Tax Solutions, which prepared tax returns for Nicholas Parker and Parker Promotions, Inc.

Defendants do not dispute that Plaintiffs are entitled to discovery on the revenue of Parker Promotions, Inc.—including the tax returns of Parker Promotions, Inc., documents used in the preparation of those tax returns, and communications between Nicholas Parker and his tax preparer related to the revenue of Parker Promotions, Inc. Defendants, however, object to discovery of Nicholas Parker's individual finances, and they seek a protective order prohibiting this discovery.

Plaintiffs argue that Club Fetish was part of an enterprise controlled by Nicholas Parker and that the enterprise also included revenue-generating equipment at Club Fetish that was owned by Nicholas Parker individually. This equipment included gaming machines, automatic teller machines, and billiard tables. Defendants do not seriously dispute that any revenue that Nicholas Parker derived from this equipment is relevant to Plaintiff's claims. The Court denies Defendants' motion for a protective order as to evidence of the revenue generated from this equipment.

Plaintiffs also argue that Club Dreams, another club owned by Nicholas Parker, was part of the Club Fetish enterprise and that Plaintiffs should be permitted to discover evidence regarding revenue generated at Club Dreams. In support of this argument, Plaintiffs pointed to the Declaration of Plaintiff Robert Cooper. Defendants, however, represent that they have

not had an opportunity to depose Cooper regarding the matters addressed in his Declaration.  Plaintiffs shall not be permitted to discover evidence regarding income from Club Dreams until Defendants have had an opportunity to depose Cooper about the connection between Club Fetish and Club Dreams and the Court is satisfied that there is at least a genuine fact dispute as to whether Club Dreams and Club Fetish were part of one enterprise.  Any deposition of Cooper must be conducted before the close of discovery.

In summary, Defendants' motion for a protective order (ECF No. 29) is denied as to revenue that Nicholas Parker derived from equipment at Club Fetish, including gaming machines, automatic teller machines, and billiard tables.  Defendants' motion is otherwise granted.

IT IS SO ORDERED, this 29th day of August, 2018.

s/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA