IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ROBERT F. COOPER, *et al.*,        *

    Plaintiffs,                *

vs.                                *
                                CASE NO. 4:17-CV-116(CDL)

PARKER PROMOTIONS, INC., *et*     *
*al.*,
                               *

    Defendants.
                               *

## O R D E R

Plaintiffs worked at an establishment called Club Fetish. Club Fetish is owned by Defendant Parker Promotions, Inc., which is owned by Defendant Nicholas Parker. Plaintiffs assert that they were employees of Defendants, and they seek to recover unpaid overtime from Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

To prove that they were "employed in an enterprise engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1), Plaintiffs sought to depose Master Tax Solutions, which prepared tax returns for Nicholas Parker and Parker Promotions, Inc. Nicholas Parker requested a protective order as to his personal income, and the Court previously granted in part and denied in part Parker's motion. *See generally* August 29, 2018 Order, ECF No. 36. The Court denied the motion as to revenue that Parker derived from his equipment at Club Fetish, including gaming

machines, automatic teller machines, and billiard tables. The Court otherwise granted Parker's motion for a protective order, with the caveat that Plaintiffs would be permitted to discover evidence regarding income Parker derived from another club he owned, Club Dreams, if (1) Defendants had an opportunity to depose Plaintiff Robert Cooper regarding his contention that Club Fetish was part of an enterprise with Club Dreams and (2) the Court became satisfied that there is at least a genuine fact dispute as to whether Club Dreams and Club Fetish were part of one enterprise. *Id.* at 3.

Cooper has now been deposed about the enterprise issue, and Plaintiffs filed a motion for leave to conduct discovery as to the revenues of Club Dreams, which Parker operated as a sole proprietorship. That motion (ECF No. 39) is granted. The present record contains evidence, viewed in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, that Club Fetish employees were sometimes directed to work at Club Dreams, that these employees were paid for that work by Club Fetish, and that employees moved alcohol back and forth between the two clubs. Based on this proffer, the Court finds that Plaintiffs should be permitted to discover evidence regarding income Parker derived from Club Dreams. The Court emphasizes that is not concluding at this time that Club Dreams and Club Fetish were part of a single enterprise. Rather, the

2

Court simply finds that Plaintiffs have submitted enough evidence to warrant discovery into the revenues of Club Dreams.

Discovery in this action closed on September 14, 2018, but the deposition of Master Tax Solutions could not take place before the close of discovery because the attorney for Master Tax Solutions had several family emergencies. Plaintiffs requested a short extension of discovery so they can take the deposition of Master Tax Solutions. That request is granted. Discovery is extended until October 31, 2018.

IT IS SO ORDERED, this 5th day of October, 2018.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA